IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JOHN W. HARDIN | § | |
| VS. | § | CIVIL ACTION NO. 1:22-cv-463 |
| BRYAN COLLIER, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff John W. Hardin, proceeding *pro se*, filed the above-styled civil rights lawsuit. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Plaintiff has filed a motion (doc. #2) seeking to have a class certified under Federal Rule of Civil Procedure 23. Plaintiff states the class would be comprised of inmates who are currently incarcerated in the Texas Department of Criminal Justice and/or the LeBlanc Unit. Plaintiff's Complaint concerns conditions of confinement.

Analysis

The purpose of a class action is to conserve resources of both the courts and the parties by economically litigating issues that potentially affect every class member. *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 155 (1982); *Jenkins v. Raymark Indus., Inc.*, 782 F.2d 468, 471 (5th Cir. 1986). To further this goal, Federal Rule of Civil Procedure 23(a) provides that a member of a class may bring suit as a representative on behalf of the other members only if: (1) the joinder of all members is impracticable because the class is so numerous; (2) there are common questions of law or fact; (3) the claims of the representative are typical of the claims of the class; and (4) the representative party will fairly and adequately protect the interests of the class.

As Plaintiff is proceeding *pro se*, he cannot satisfy the adequacy requirement in Rule 23(a). The United States Court of Appeals for the Fifth Circuit interprets the adequacy requirement to "require the class representatives to possess a sufficient level of knowledge and understanding to be capable of controlling or prosecuting the litigation." *Ibe v. Jones*, 836 F.3d 516, 529 (5th Cir. 2016) (quoting *Berger v. Compaq Comput. Corp.*, 257 F.3d 475, 482-83 (5th Cir. 2001)). In accordance with this understanding, courts have prohibited *pro se* prisoner class actions from proceeding for fear that "the competence of a layman representing himself [is] clearly too limited to allow him to risk the rights of others." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (citing *Anderson v. Moore*, 372 F.2d 747, 751 n.5 (5th Cir. 1967)). As a consequence, it would be "plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." *Oxendine*, 509 F.2d at 1407; *see also DeBrew v. Atwood*, 792 F.3d 118, 132 (D.C. Cir. 2015) ("[A] *pro se* litigant who is not trained as a lawyer is simply not an adequate class representative."); *Fymbo v. State Farm Fire & Cas. Co.,* 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others."); *Caputo v. Fauver*, 800 F. Supp. 168, 170 (D.N.J. 1992) ("Every court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action.").

As Plaintiff is proceeding *pro se*, he is unable to satisfy the adequacy requirement set forth in Rule 23(a). The motion for class certification should therefore be denied.

Recommendation

The motion for class certification should be denied.

<u>Objections</u>

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 20th day of June, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE