IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JOHN W. HARDIN | § | |
| VS. | § | CIVIL ACTION NO. 1:22-cv-463 |
| BRYAN COLLIER, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff John Hardin, proceeding *pro se,* filed the above-styled civil rights lawsuit against Bryan Collier, Aaron Thompkins, Bruce Frederick and Reginald Chambers. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Defendants have filed a Motion asking that the claims against them be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5) because they have not been properly served with process (doc. #17). Plaintiff has filed a Response (doc. #19).

Prior Proceedings

The court previously entered an Order (doc. #8) directing the Clerk of Court to provide Plaintiff with summonses and copies of the Complaint so that he could Defendants. Plaintiff has filed Returns of Service concerning each of the Defendants.

The Return filed with respect to Defendants Collier states he was served by certified mail (doc. #14). The Return indicates the documents sent to Defendant Collier were deposited into the mail by Plaintiff. The Return filed concerning Defendant Thompkins states Plaintiff mailed a copy of the Complaint and a Summons to the Office of the Attorney General to accept service on behalf

of Defendant Thompkins (doc. #13).  The Returns filed regarding Defendants Frederick and Chambers state they were personally served by Bruce R. Merryman (doc. #12).

## The Motion to Dismiss

In the Motion to Dismiss, Defendant Collier asserts he has not been properly because Plaintiff deposited the relevant documents in the mail himself.  Defendant Thompkins makes a similar assertion.

Defendants Frederick and Chambers also contend they have not been properly served.  Affidavits from each of these Defendants are attached to the Motion to Dismiss.  Defendant Chambers states that an offender attempted to hand him paperwork as he was walking through the LeBlanc Unit.  He further states that he did not accept the paperwork.  Defendant Frederick's Affidavit contains similar statements.

## Standard of Review

In the absence of proper service of process, a court cannot exercise personal jurisdiction over a party named as a defendant.  *Norris v. Causey*, 869 F.3d 360, 368 (5th Cir. 2017).  Federal Rule of Civil Procedure 12(b)(5) provides that a lawsuit may be dismissed if the defendants have not been properly served with process.  The party making service has the burden of demonstrating its validity when an objection to service is made.  *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012) (citing *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)).

## Discussion

*Permitted Methods of Service*

Rule 4(e) of the Federal Rules of Civil Procedure states that individuals may be served either: (1) pursuant to the laws of the applicable state or (2) by delivering a summons and a copy of the

complaint to the individual personally or by leaving such documents at the individual's dwelling house or usual place of abode or by delivering such documents to any agent authorized to receive service of process. Rule 4(c) states that any person who is at least 18 years old and not a party may serve a summons.

Rule 106 of the Texas Rules of Civil Procedure states process may be served by anyone authorized to do so by Texas Rule of Civil Procedure 103 by "mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto." Rule 103 requires that process be served by "any sheriff or constable or other person authorized by law, (2) any person authorized by law or by written order of the court who is not less than eighteen years of age, or (3) any person certified under order of the Supreme Court." Texas Rule of Civil Procedure 107(c) provides that when service is done by certified mail, the return of service must contain the return receipt with the addressee's signature.

*Defendants Collier and Thompkins*

Defendants Collier and Thompkins have not been properly served. Plaintiff deposited the documents sent to Defendant Collier and Defendant Thompkins in the mail himself. Federal Rule of Civil Procedure 4(c) does not permit a party to serve a summons. Moreover, a return receipt has not been filed with the signature of either of these Defendants.

However, rather than dismiss the claims against Defendants Collier and Thompkins, the court should exercise its discretion to quash the prior attempt at service and direct Plaintiff to properly serve Defendants Collier and Thompklins. Plaintiff is proceeding *pro se* in this matter. While he has not properly served Defendants Collier and Thompkins, he appears to have made a good faith effort to serve them and asks for another opportunity to properly serve them (doc. #18).

As Plaintiff is proceeding *pro se* and has made a good faith attempt to serve Defendants Collier and Thompkins, it would not be appropriate to dismiss the claims against these Defendants. The motion to dismiss should be granted to the extent that Plaintiff's attempt to serve Defendants Collier and Thompkins should be quashed. New summonses should be issued for these Defendants and Plaintiff should be given 30 days to serve them.

*Defendants Chambers and Frederick*

Defendants Chamber and Frederick acknowledge Bruce Merryman attempted to serve them by handing them paperwork. They refused to accept the paperwork. The Returns of Service filed by Plaintiff state Mr. Merryman personally served a Summons on Defendants Frederick and Chambers. In addition, Plaintiff has submitted a Declaration from Mr. Merryman (doc. #20). Mr. Merryman states that on January 23, 2023, he personally served Defendants Frederick and Chambers by physically delivering to them a copy of the Complaint and a Summons at the security desk by the chow hall. He states each of these Defendants refused to accept the documents. Mr. Merryman states Defendant Frederick told him that as he (Mr. Merryman) was not an attorney, he could not serve them with process.

Where a defendant refuses to accept service of process, delivery may be accomplished without placing the documents in the hands of such defendant. *Slaieh v. Zeineh*, 539 F. Supp. 2d 864, 868 (S.D. Miss. 2008). As the United States District Court for the Northern District of California has stated:

> The fact that Defendant Liu did not take possession of the court papers is of no import. Where a defendant attempts to avoid service, *i.e.*, by refusing to accept the papers, it is sufficient if the server is in close proximity to the defendant, clearly communicates intent to serve court documents, and makes reasonable efforts to leave the papers with the defendant.

*Doe 1 v. Qi*, 349 F. Supp. 2d 1258, 1275 n.5 (N.D. Cal. 2004).

Defendants Frederick and Chambers acknowledge Mr. Merryman attempted to hand them paperwork. They do not dispute that the paperwork contained a copy of the Complaint and a Summons. As a result, despite their refusal to accept the paperwork, Defendants Frederick and Chambers were served in accordance with Federal Rule of Civil Procedure 4(e). The Motion to Dismiss should therefore be denied with respect to these Defendants.

## Recommendation

The Motion to Dismiss should be denied with respect to Defendants Frederick and Chambers. The Motion to Dismiss should be granted to the extent that Plaintiff's attempt to serve Defendants Collier and Thompkins is quashed. Plaintiff should be allowed 30 days to properly serve Defendants Collier and Thompkins.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 24th day of January, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE