IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JOHN W. HARDIN | § | |
| VS. | § | CIVIL ACTION NO. 1:22-cv-463 |
| BRYAN COLLIER, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

John W. Hardin, an inmate confined at the LeBlanc Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights lawsuit against several defendants. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Plaintiff has filed a motion (doc. #33) seeking a preliminary injunction or temporary restraining order. Plaintiff asserts that staff at the LeBlanc Unit are not enforcing policies which keep inmates at the Unit safe, stating that inmates are allowed to "run amok." He states that recently three inmates in his dorm were placed in protective custody in order to protect them from an inmate who was threatening them. Plaintiff states that officials at the Unit are aware of what is going on, but have not attempted to address the violence. He further asserts fights are occurring, resulting in black eyes and beaten faces.

Analysis

*Standard for Preliminary Injunctive Relief*

A party seeking preliminary injunctive relief must establish the following: (1) there is a substantial likelihood the party will prevail on the merits; (2) a substantial threat exists that

irreparable harm will result if injunctive relief is denied; (3) the threatened injury to the plaintiff outweighs the threatened harm to the defendants and (4) granting relief will not disserve the public interest. *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009); *Speaks v. Kruse*, 445 F.3d 396, 399-400 (5th Cir. 2006). Injunctive relief should be granted only if the party has clearly carried the burden of persuasion as to all four elements. *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 253 (5th Cir. 2009).

The allegations in Plaintiff's Motion are serious. However, Plaintiff has not established that a substantial threat exists that irreparable harm will result if preliminary injunctive relief is denied. Plaintiff indicates that inmates in his dorm have been injured in fights. However, Plaintiff does not state he has been involved in a fight. Nor does he assert he has been threatened. As a result, Plaintiff's allegations fail to show he is subject to a substantial threat of irreparable harm. His motion should therefore be denied.

## Recommendation

Plaintiff's Motion for a Preliminary Injunction or Temporary Restraining Order should be denied.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

Failure to object bars a party from (1) *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions

accepted by the district court, *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996).

**SIGNED this the 26th day of February, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE